IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

                Plaintiff,

  v.                                                      ORDER

KYLE ZENK, MICHEAL GLASS, CAPT. SCHULTZ,        22-cv-641-jdp
and SGT. PRICE,

                Defendants.

---

I allowed plaintiff Glen R. Jeffery, Jr. to proceed on his claims for excessive force and inadequate medical care. Defendants answered and a telephonic pretrial conference was scheduled for April 4, 2023. The court rescheduled the conference for May 11, 2023, because defendants' counsel represented that Columbia Correctional Institution was not allowing Jeffery to have phone calls at this time. Jeffery previously filed two motions alleging that defendants Zenk and Glass were retaliating against him. I denied those motions, concluding that Jeffery's allegations did not relate to the allegations underlying the claims on which I allowed him to proceed. I advised Jeffery that he could file a new, separate civil rights actions if he wanted to seek relief based on the allegations in his motions.

Jeffery has filed an "omnibus motion" in which he: (1) contends that Magistrate Judge Stephen L. Crocker should be disallowed from issuing rulings in this case; (2) seeks reconsideration of the court's decision to postpone the telephonic pretrial conference; and (3) seeks reconsideration of my orders denying his motions for injunctive relief based on the alleged retaliation of Zenk and Glass. *See* Dkt. 19.

I will deny Jeffery's request to stop Magistrate Judge Crocker from issuing rulings in his case because, under Local Rule 2 of this district, he is "designated to hear and determine any

pretrial matter pending before this court." The docket sheet in this case reflects this designation because it states that the case has been referred to Magistrate Judge Crocker. Contrary to Jeffery's suggestion, Local Rule 2 comports with Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b).

I will deny Jeffery's request to reconsider my orders denying his motions for injunctive relief. Jeffery contends that, after he brought this case, defendants have retaliated against him in various ways. Jeffery contends that Glass has interfered with his ability to pursue a state criminal appeal and to prosecute a federal civil rights case. Jeffery adds that the alleged retaliation has caused him to be physically assaulted by prison staff and sexually assaulted. As I have explained to Jeffery, although these allegations are serious, they are based on different events than those underlying the claims on which I allowed him to proceed. So Jeffery would have to file a new, separate civil rights actions to seek relief based on these allegations.

Jeffery also alleges that Glass, Zenk, and other prison officials put him in isolation to interfere with his ability to litigate this case after learning that the court scheduled a telephonic pretrial conference. Jeffery is alleging that defendants are preventing him from litigating *this* case. Given the nature of this allegation and Jeffery's pro se status, I will have defendants respond to this allegation and explain why Jeffery was put in isolation and prohibited from having phone calls at this time. Although defendants' response need not comply with the court's usual requirements for opposing a motion for preliminary injunction, defendants must support the response with affidavits from the responsible authorities and any other evidence necessary to determine whether prison officials are unduly interfering with Jeffery's ability to prosecute this case. If necessary, the court will hold a telephonic or video hearing after defendants respond. Unless the court orders otherwise, Jeffery may not file a reply brief.

As a result, I will reserve ruling on Jeffery's request for reconsideration of the court's decision to postpone the telephonic pretrial conference. I will not, however, reconsider my earlier rulings denying Jeffery's motions for injunctive relief; Jeffery did not raise his allegation that defendants are interfering with his ability to prosecute this case in those motions.

ORDER

IT IS ORDERED that:

1. Plaintiff Glen R. Jeffery's omnibus motion, Dkt. 19, is DENIED in part.

2. Defendants may have until May 2, 2023, to file a response to Jeffery's omnibus motion in accordance with this order.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge